IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                            :

In re:                                   :      Chapter 11

VIRGIN ORBIT, LLC,[1]              :      Case No. 23-10408 (KBO)

            Debtor.                :      **Hearing Date:**
                                               :      January 25, 2024 at 9:30 a.m. (ET)

                                               :      **Objection Deadline:**
                                               :      January 5, 2024 at 4:00 p.m. (ET)
------------------------------------------------------------ x

**DEBTORS' SIXTH (6TH) OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

> **PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE
> THEIR NAMES AND THEIR DISPUTED CLAIMS
> IDENTIFIED ON EXHIBITS A AND B TO THE PROPOSED ORDER**

> *TO CLAIMANTS WHOSE CLAIMS ARE SUBJECT TO THIS OBJECTION:*
>
> **\*YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION THAT MAY BE FILED IN THESE CHAPTER 11 CASES**
>
> **\*\*THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE DEBTORS AND THEIR ESTATES TO PURSUE FURTHER OBJECTIONS AGAINST THE RECLASSIFIED CLAIMS**

The post effective date debtors (collectively, the "**Debtors**") in the above-captioned chapter 11 case and its related cases (collectively, the "**Chapter 11 Cases**") hereby file this objection (this "**Objection**"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy

---

[1] The debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Virgin Orbit, LLC (9648). The debtor's mailing address for purposes of this case is 251 Little Falls Drive, Wilmington, DE 19808. The chapter 11 cases of the debtor's affiliates, Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit Holdings, Inc. (6914); and JACM Holdings, Inc. (1445), were closed as of December 1, 2023. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Virgin Orbit, LLC.

31090410.2

Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to each of the claims filed against the Debtors and their estates that are listed on Exhibits A and B (collectively, the "**Disputed Claims**") to the proposed form of order attached hereto as **Exhibit 1** (the "**Proposed Order**"), and request the entry of the Proposed Order disallowing, modifying and/or reclassifying the Disputed Claims, as indicated in further detail below and on Exhibits A and B to the Proposed Order. In support of this Objection, the Debtors rely on the declaration of Erin McKeighan (the "**McKeighan Declaration**"), a copy of which is attached hereto as **Exhibit 2**. In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Chapter 11 Cases and this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this is a proceeding for which the Court may enter a final order under Article III of the U.S. Constitution. Venue of the Chapter 11 Cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

**BACKGROUND**

3.  Virgin Orbit was founded in 2017 and specialized in providing launch services for small satellites.[2] On April 4, 2023 (the "**Petition Date**"), facing diminishing liquidity, the Debtors commenced the Chapter 11 Cases. Leading up to the Petition Date, the Debtors conducted a robust marketing process to raise new capital or, alternatively, sell the Debtors' assets. Unfortunately, the Debtors were unable to procure new financing or a buyer for their assets as part of an out-of-court transaction. Therefore, the Debtors focused their efforts on two parallel initiatives, with the ultimate objective of efficiently prosecuting the Chapter 11 Cases and minimizing administrative expenses: (i) pursuing a comprehensive strategy to market and sell their assets through an in-court sale process pursuant to section 363 of the Bankruptcy Code; and (ii) efficiently prosecuting a chapter 11 plan.

4.  Following the auction held on May 22, 2023, at which the Debtors sold, subject to court approval and documentation, the majority of their assets, the Debtors terminated all but a few employees and ceased all operations other than those necessary to transition the Debtors' assets to the purchasers. On May 25, 2023, May 26, 2023, and June 27, 2023, the Court entered orders approving the sales of the Debtors' assets [Docket Nos. 364, 365, 378, 379, and 481], and such sales closed shortly thereafter.

5.  After selling the majority of their assets, the Debtors promptly sought confirmation of the *Fifth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 595-1] (the "**Plan**").[3] On July 31, 2023,

---

[2] Additional factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases, is set forth in detail in the *Declaration of Daniel M. Hart in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 12] and the *Declaration of Brian Whittman in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 14].

[3] Capitalized terms used but not defined herein shall have the meaning given to them in the Plan.

31090410.2

the Court entered an order confirming the Plan [Docket No. 604]. Among other things, the Plan appointed a plan administrator to liquidate the Debtors' remaining assets and wind down the Debtors' affairs. The effective date of the Plan occurred on August 2, 2023. *See* Docket No. 610.

## DEBTORS' SCHEDULES

6. On April 24, 2023, the Debtors filed their *Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Schedules**") [Docket Nos. 117, 118, 119, 120, and 121]. On April 28, 2023, the Debtors filed their *Statements of Financial Affairs* (the "**Statements**") [Docket Nos. 187, 188, 189, 190, and 191]. On June 6, 2023, the Debtors filed an *Amended Schedule of Assets and Statement of Financial Affairs* [Docket No. 415].

## PROOFS OF CLAIM AND BAR DATE ORDERS

7. On April 5, 2023, the Court entered an order [Docket No. 60] appointing Kroll Restructuring Administration LLC ("**Kroll**") as claims and noticing agent in the Chapter 11 Cases. Among other things, Kroll is authorized to (a) distribute required notices to parties in interest; (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Chapter 11 Cases; and (c) provide such other administrative services.

8. On April 26, 2023, the Court entered an order [Docket No. 147] (the "**Bar Date Order**") providing that, except as otherwise provided therein, (a) all persons or entities holding or wishing to assert a claim against the Debtors or their estates arising or accruing prior to the Petition Date, including a Claim arising under Bankruptcy Code section 503(b)(9), are required to file a separate, completed, and executed proof of such claim so that it is actually received on or before 5:00 p.m. (prevailing Eastern Time) on May 26, 2023 (the "**General Bar Date**"); (b) all governmental units, as defined in section 101(27) of the Bankruptcy Code, shall file a proof of claim so that it is actually received on or before 5:00 p.m. (prevailing Eastern Time) on October

31090410.2

4

2, 2023 (the "**Governmental Bar Date**"); (c) any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the General Bar Date or the Governmental Bar Date, for any government units who are contract counterparties, or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days following service of an order on the affected counterparty approving such rejection (the "**Rejection Damages Bar Date**"); and (d) if the Debtors amend the Schedules, then the deadline to submit a proof of claim for those creditors affected by any such amendment will be the later of (i) the applicable Bar Date, or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "**Amended Schedules Bar Date**").

9.  As set forth in the Plan, all requests for payment of Claims for costs and expenses of administration under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code that accrued on or before the Effective Date other than in the ordinary course of business were to be filed with the Bankruptcy Court and served on the Debtors no later than August 31, 2023 (collectively with the General Bar Date, Governmental Bar Date, Rejection Damages Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").  Notice of the Bar Dates was provided by mail and publication in accordance with the procedures outlines in the Bar Date Order.

10. In the ordinary course of business, the Debtors maintain books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors.  The Debtors filed the Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date.  The Debtors, together with their advisors, have been engaging in a systematic review of the Proofs of Claim (other than the General Unsecured Claims, which are subject to the

5

review and oversight of the Litigation Trustee) filed in the Chapter 11 Cases, working diligently to review, compare, and reconcile such Proofs of Claim against the Debtors' books and records.

## RELIEF REQUESTED

11. By this Objection, the Debtors request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, disallowing and reclassifying the Disputed Claims, as indicated in further detail below and on Exhibits A and B to the Proposed Order.

12. In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION TO DISPUTED CLAIMS

**A.     No Liability Claim**

13. After reconciling the Disputed Claim on Exhibit A to the Proposed Order (the "**No Liability Claim**") against the Debtors' books and records, the Debtors have determined that the Debtors and their estates are not liable with respect to such claim because there is no basis in fact or law to justify payment of such claim. Thus, the Debtors believe that the No Liability Claim should be disallowed and expunged.  Any failure to disallow the No Liability Claim could result in the claimant receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in these Chapter 11 Cases.  Accordingly, the Debtors object to the No Liability Claim, and request entry of the Proposed Order disallowing and expunging the No Liability Claim.

**B.     Reclassified Claims**

14. The Disputed Claims listed on Exhibit B to the Proposed Order (collectively, the "**Reclassified Claims**") assert that each such claim is entitled to secured status under the Bankruptcy Code.  After reviewing the Reclassified Claims and reconciling them against the

Debtors' books and records, the Debtors have determined that the secured status of the Reclassified Claims should be adjusted as indicated on Exhibit B to the Proposed Order. As a result, the Debtors believe that the Reclassified Claims should be reclassified as indicated in the column titled "*Modified Claims*" on Exhibit B to the Proposed Order. Any failure to reclassify the Reclassified Claims as indicated on Exhibit B to the Proposed Order would award the claimants undue secured status, to the detriment of other creditors in the Chapter 11 Cases. Accordingly, subject to further objection by the Debtors and their estates, the Debtors object to the Reclassified Claims, and request entry of the Proposed Order reclassifying the Reclassified Claims as indicated on Exhibit B to the Proposed Order.

## RESPONSES TO THIS OBJECTION

15. Any responses to this Objection must be filed **on or before 4:00 p.m. (prevailing Eastern Time) on January 5, 2024**, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

16. The Debtors reserve the right to adjourn the hearing on any Disputed Claim, and in the event that the Debtors do so, the Debtors will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the claimant.

17. The Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify this Objection, the Proposed Order, or Exhibits A and B thereto, and to file additional objections to any and all claims filed in the Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims. The Debtors and their estates also reserve any and all rights, claims and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the Proposed Order, or Exhibits A and B thereto is

intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Disputed Claims.

## **NOTICE**

18. Notice of this Objection has been provided to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Litigation Trust; (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) claimants whose Disputed Claims are subject to this Objection. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

19. A copy of this Objection is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the case website maintained by Kroll at https://cases.ra.kroll.com/virginorbit/.

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: December 22, 2023<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ *Allison S. Mielke*  \_<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Kara Hammond Coyle (No. 4410)<br>Allison S. Mielke (No. 5934)<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: rbrady@ycst.com<br>           mnestor@ycst.com<br>           kcoyle@ycst.com<br>           amielke@ycst.com<br><br>*Counsel for Debtors and Debtors in Possession* |

31090410.2