**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VIRGIN ORBIT, LLC,[1] | Case No. 23-10408 (KBO) |
| Debtor. | **Hearing Date: March 7, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: February 12, 2024 at 4:00 p.m. (ET)** |

## MOTION OF LITIGATION TRUSTEE FOR AN ORDER EXTENDING THE DEADLINE TO OBJECT TO THE ALLOWANCE OF CLAIMS

Matthew Dundon (the "Litigation Trustee"), in his capacity as the Litigation Trustee of the VO Litigation Trust, pursuant to the *Fifth Amended Joint Chapter 11 Plan of Virgin Orbit Holdings, Inc. and Its Debtor Affiliates* [Docket No. 595-1] (the "Plan") of the debtor (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), by and through his undersigned counsel, hereby moves this Court (the "Motion")[2] for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, extending the time to object to the allowance of claims (the "Claims Objection Deadline") by through and including July 29, 2024.[3]

In support of this Motion, the Litigation Trustee respectfully represents as follows:

---

[1] The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: Virgin Orbit, LLC (9648). The debtor's mailing address for purposes of this case is 251 Little Falls Drive, Wilmington, DE 19808. The chapter 11 cases of the debtor's affiliates, Virgin Orbit National Systems, LLC (3801); Vieco USA, Inc. (0492); Virgin Orbit Holdings, Inc. (6914); and JACM Holdings, Inc. (1445) were closed as of December 4, 2023. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of Virgin Orbit, LLC.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Confirmation Order, Plan, and the Trust Agreement (as defined herein).

[3] Given that 180 days from January 29, 2024 falls on a weekend, the Litigation Trustee respectfully requests extending the Claims Objection Deadline to Monday, July 29, 2024, the next business day.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this Chapter 11 Case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 502 and 503, as supplemented by rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9006-1 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      Pursuant to Local Rule 9013-1(f), the Litigation Trustee confirms his consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**BACKGROUND**

4.      On April 4, 2023 (the "Petition Date"), the Debtor and certain of its affiliates filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.      Additional factual background regarding the Debtor and its affiliates whose chapter 11 cases have been closed (*see* Docket No. 10, Case No. 23-10408-KBO), including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in detail in the *Declaration of Brian Whittman in Support of Chapter*

11293850v.2

*11 Petitions and First Day Pleadings* [Docket No. 14] (the "First Day Declaration"), which is incorporated herein by reference.

6.     On April 5, 2023, the Court entered an order authorizing and approving the retention of Kroll Restructuring Administration LLC ("Kroll" or the "Claims Agent") as the claims and noticing agent effective as of the Petition Date.  [Docket No. 60].

7.     On July 31, 2023, the Court confirmed the Plan which became effective on August 2, 2023 (the "Effective Date").  *See* Docket Nos. 604 & 610.

8.     Pursuant to the Plan, the Litigation Trust Agreement was executed by the Litigation Trustee, the Debtor, and the Debtor's affiliates whose chapter 11 cases have been closed, on August 2, 2023 (the "Trust Agreement"), and, thus, Matthew Dundon was duly appointed as the trustee of the VO Litigation Trust (the "Litigation Trust"), successor in interest to the Debtor.

9.     In accordance with the Plan and the Trust Agreement, from and after the Effective Date, the Litigation Trustee has the right to review and object to the allowance of any General Unsecured Claim or Convenience Claim (the "Claims") on any grounds.  *See* Trust Agreement, § 2.8.

10.     Article I of the Plan sets the deadline to object to claims as 180 days after the Effective Date, or January 29, 2024 (the "Current Claims Objection Deadline").  *See* Plan, Article 1(A)(26).

11.     To date, the Debtor's register of claims prepared by Kroll reflects that approximately 421 proofs of claim were filed and of those proofs of claim, 406 were Class 4 General Unsecured Claims.

12.     Since his appointment, the Litigation Trustee has been working to reconcile the Claims expeditiously, while maximizing recoveries for creditors with valid Claims.  The Litigation

Trustee intends to continue investigating and evaluating Claims in order to file claims objections to such Claims, as is necessary.

13.     In addition to his work reconciling the Claims, since the Effective Date, the Litigation Trustee has undertaken various tasks necessary to the administration of the Litigation Trust.   These tasks have included, but are not limited to: (i) investigating and liquidating miscellaneous assets; (ii) analyzing any litigation assets and liquidating the same; (iii) fielding and resolving creditor inquires; (iv) preparing post-confirmation reports; (v) initiating adversary proceedings in efforts to bring more monies into the Litigation Trust; and (vi) otherwise liquidating, and finalizing the Debtor's estate.

14.     Although the Litigation Trustee has been working diligently to complete these tasks, and significant progress has been made since the Effective Date, significant additional work remains.  As such, the Litigation Trustee requires additional time to reconcile and resolve the Claims.

## RELIEF REQUESTED

15.     By this Motion, the Litigation Trustee respectfully requests entry of an order, extending the Claims Objection Deadline for a period of approximately 180 days, from January 29, 2024 through and including July 29, 2024.  The proposed extension is without prejudice to the Litigation Trustee's right to seek additional extensions of the Claims Objection Deadline, as appropriate.

## BASIS FOR RELIEF

16.     Sections 502 and 503 of the Bankruptcy Code contemplate that claims will be challenged when appropriate and, if necessary, estimated.  *See* 11. U.S.C. §§ 502 & 503.  The Plan vests the discretion to object to or seek estimation of Claims in the Litigation Trustee on behalf of

11293850v.2

the Debtor's estate.  Although the Plan sets an initial deadline by which such challenges must be raised, it contemplates extension of the Claims Objection Deadline by Order of this Court.

17.    Bankruptcy Rule 9006 permits the Court to extend deadlines for cause. Specifically, Bankruptcy Rule 9006 provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

Fed. R. Bankr. P. 9006(b)(1).

18.    The Litigation Trustee submits that the extension of the Current Claims Objection Deadline by approximately 180 days is critical to the efficient administration of the Debtor's estate and is in the best interests of creditors.  To ensure the fair and proper administration of the Debtor's estate, the Litigation Trustee requests additional time to object to any of the remaining Claims to the extent such a need arises.

19.    The requested extension of the Current Claims Objection Deadline will not prejudice any claimant or other party in interest, and will benefit creditors holding valid Claims. Additionally, the requested extension will not affect any claimant's substantive defenses to any objection to its Claim.

20.    Given the posture of the case and the limited resources, both the Litigation Trustee and creditors would be severely prejudiced if the Current Claims Objection Deadline is not extended.  Failure to extend the Current Claims Objection Deadline could preclude the Litigation Trustee from challenging invalid or overstated Claims, which will diminish the *pro rata* recovery of all general unsecured creditors under the Plan.  Alternatively, without an extension, the

Litigation Trustee may learn of a viable claim objection in the future but would be time-barred if not for the requested extension.

21.     Extending the Claims Objection Deadline until July 29, 2024 will permit the Litigation Trustee to finalize the administration of the Litigation Trust and allow him to object to any Claims should the need arise while conserving the limited resources of the Debtor's estate.

22.     In sum, the Litigation Trustee believes the proposed time extension will provide sufficient time and flexibility to allow him to continue his work towards liquidating the estate in an efficient manner.  The Litigation Trustee reserves the right to request additional extensions as appropriate.  Accordingly, the Litigation Trustee respectfully submits that cause exists for the relief requested herein.

## NOTICE

23.     Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) the Plan Administrator; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Litigation Trustee submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Litigation Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) granting such other or further relief as is just and proper.

[*Signature page follows*]

11293850v.2

Dated: January 29, 2024
Wilmington, Delaware

Respectfully submitted,

/s/ Maria Kotsiras
M. Blake Cleary (No. 3614)
L. Katherine Good (No. 5101)
Katelin A. Morales (No. 6683)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Email: bcleary@potteranderson.com
  kgood@potteranderson.com
  kmorales@potteranderson.com
  mkotsiras@potteranderson.com

 - and -

David P. Simonds, Esq. (admitted *pro hac vice*)
Edward J. McNeilly, Esq. (admitted *pro hac vice*)
Kaitlyn Aliza Hittelman, Esq. (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4600
Email: david.simonds@hoganlovells.com
  edward.mcneilly@hoganlovells.com
  kaitlyn.hittelman@hoganlovells.com

 - and-

John D. Beck, Esq. (admitted *pro hac vice*)
Christopher R. Bryant, Esq. (admitted *pro hac vice*)
Katherine M. Lynn, Esq. (admitted *pro hac vice*)
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY  10017
Telephone: (212) 918-3000
Email: john.beck@hoganlovells.com
  chris.bryant@hoganlovells.com
  katherine.lynn@hoganlovells.com

*Counsel to the Litigation Trust and Litigation Trustee*

11293850v.2